Dear Representative Kennard:
This office is in receipt of your recent opinion request on behalf of Pauline Gaspard, a bus driver with the East Baton Rouge Parish School Board. You sought an opinion from this office regarding the applicability of LSA-R.S. 17:493.1(A), when the school board elects to do a complete changeover of all bus routes. You further questioned whether special education routes were a part of the federal desegregation order.
LSA-R.S. 17:493.1 was amended in 1997 by Act No. 551. The statute provides, in pertinent part:
 A.(1)(a) Whenever a school bus operator is needed to drive a new route or a route vacated by a previous operator, the school bus operator who is tenured and has acquired the greatest seniority shall be offered the opportunity to and may change from driving his route to the vacant route before another operator is selected.
 (b) If the tenured bus operator with the greatest seniority chooses not to change to the vacant route, the route shall then be offered in order of seniority to a school bus operator who has acquired tenure.
 (c) If no tenured operator chooses to change to the vacant route, the route shall then be offered to a full-time probationary bus operator.
 (d) If no regular bus operator, tenured or probationary, chooses to change to the vacant route, then a substitute bus operator shall be selected for the position from a list of approved substitute school bus operators.
 (2) A substitute operator shall not be used to fill a route vacancy except as provided in R.S. 17:500(C)(2)(b) and (c). (Emphasis supplied).
 * * *
LSA-R.S. 17:493.1(A) only applies to those cases when "a school bus operator is needed to drive a new route or a route vacated by a previous operator" needs to be filled. The question presented is whether "new routes" are established when a school board does a total changeover of bus routes for a particular school year. LSA-R.S. 17:493.1(A) does not clearly define what is considered a "new route." Attorney General Opinion No. 93-112 addressed whether LSA-R.S. 17:493.1(A) would apply to changes in a bus route during the school year. This office stated: "It is the opinion of this office that LSA-17:493.1(A) is intended to apply to situations where a new route is established or an already established route become vacant. This does not include a scenario in which the schedule of established routes driven by a bus operator is changed during the course of a semester for reasons which the school board considers to be necessary and expedient. The mere rescheduling of two bus operators' routes would not constitute the creation of a new route and, hence, a vacancy to be filled under LSA-R.S. 17:493.1(A)."
Based on this opinion, "mere rescheduling of bus operators' routes would not constitute a new route." However, according to your letter and conversations with representatives from East Baton Rouge Parish School Board, they did more than "merely reschedule" a few bus routes. East Baton Rouge Parish School Board made a total changeover of its routes for the 2001-2002 school year. Some routes were changed significantly, while others were only changed minutely. Therefore, it is our opinion that the requirements of LSA-R.S. 17:493.1(A) will be applicable to routes significantly changed and will not be applicable to routes that experienced only minor changes.
Local school boards are mandated by LSA-R.S. 17:158(A)(1) and (F) to provide free transportation for any student attending a school within the jurisdictional boundaries of the parish or school board who resides more than one mile from the school. This office previously opined that parish school boards have complete authority and discretion to provide for transportation of school children. Op. Atty. Gen. 1942-44, p. 1346 and Op. Atty. Gen. 1938-40, p. 966. It is this office's opinion, that this discretion would include the authority to make route changes that are necessary and proper to accomplish the goal of getting the children to and from their respective schools.
You also requested that this office determine whether special education routes are included in the desegregation order mandated by federal court. It is the policy of this office to refrain from issuing formal opinions on matters that are in litigation. You may wish to address this question to the attorney representing the school board in that matter.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ Veronica L. Howard Assistant Attorney General
RPI:VLH:lrs